**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO BUILDING DESIGN, P.C., an Illinois Corporation, and <br> JEREMIAH JOHNSON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> MONGOLIAN HOUSE INC. (d/b/a "Plan B – Chicago"), an Illinois Corporation; RYAN GOLDEN, an individual; MARK PERRES, an individual; JOHN A. WILSON, an individual, <br><br> Defendants. | Case No.: 1:12-cv-1010 |

## COMPLAINT

Plaintiffs, CHICAGO BUILDING DESIGN, P.C. and JEREMIAH JOHNSON, by and through their attorneys, Fuksa Khorshid, LLC, bring their Complaint against Defendants MONGOLIAN HOUSE INC., RYAN GOLDEN, MARK PERRES, and JOHN A. WILSON, and in support thereof, state and allege as follows:

## PARTIES

1. Plaintiff, CHICAGO BUILDING DESIGN, P.C. ("CBD"), is an Illinois corporation with its principal offices located at 346 N. Justine St., Suite 700, Chicago, Illinois 60607.

2. Plaintiff, JEREMIAH JOHNSON ("JOHNSON"), is an individual residing in Cook County, Illinois. JOHNSON is the President of CBD. JOHNSON, through CBD, is engaged in the design, architecture, and construction industries.

3. Defendant, MONGOLIAN HOUSE INC. ("MONGOLIAN") is an Illinois corporation with principal offices in Chicago, Illinois. MONGOLIAN owns, operates, and does business as

1

"Plan B – Chicago", a restaurant and drinking establishment located at 1635 N. Milwaukee Ave., Chicago, Illinois 60647 (the "Premises").

4. Defendant, RYAN GOLDEN ("GOLDEN"), is an individual residing in Cook County, Illinois. GOLDEN is the President of MONGOLIAN. GOLDEN has an ownership interest in MONGOLIAN.

5. Defendant, MARK PERRES ("PERRES"), is an individual residing in Cook County, Illinois. PERRES has an ownership interest in MONGOLIAN.

6. Defendant, JOHN A. WILSON ("WILSON"), is an individual whose location is unknown. WILSON is engaged in the architectural industry and performs work as an architect.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to the Copyright Act of 1976, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b)(1) and 1400(a), because at least one Defendant is a resident of this District, and a substantial part of the events giving rise to these claims occurred in this District.

## BACKGROUND FACTS

9. CBD and JOHNSON offer specialized design, architecture, and construction services to bar, restaurant, nightclub and other hospitality businesses to facilitate their conceptualization, design and construction.

10. GOLDEN and PERRES retained the services of CBD and JOHNSON to assist them in the renovation of the Premises into the upscale hospitality business known as "Plan B - Chicago." ("Plan B).

## FACTUAL ALLEGATIONS

11. On or about April 17, 2006, CBD submitted a project proposal to GOLDEN and PERRES for the architectural design of the interior, exterior, and landscaping for "Plan B" ("Plan B"). (A true and correct copy of that proposal is attached hereto as <u>Exhibit A</u>.). Upon information and belief, Exhibit A, attached hereto in unsigned form, was eventually signed by the parties thereto.

12. On or about May 4, 2006, CBD submitted a revised project proposal to GOLDEN and PERRES relative to Plan B. (A true and correct copy of that proposal is attached hereto as <u>Exhibit B</u>.) This revised project proposal was signed by GOLDEN and PERRES on May 9, 2006. <u>Ex. B</u>. The total price of the architectural services was $15,000.00. <u>Ex. B</u>. Upon information and belief, Exhibit B, attached hereto in unsigned form, was eventually signed by the parties thereto.

13. Upon execution of the revised project proposal, a contract was formed between CBD, GOLDEN, and PERRES in which GOLDEN and PERRES agreed to pay monetary compensation to CBD in consideration for CBD'S architectural services ("Design Contract").

14. CBD was ultimately awarded the project for Plan B. In accordance with the Design Contract, CBD completed the work on or about June 7, 2006, and that day delivered a finished product of original architectural blueprints (hereinafter "Blueprints") to GOLDEN and PERRES.

15. On or about June 26, 2006, CBD entered into a contract with GOLDEN and PERRES for the performance of construction work related to Plan B. (Some of the material terms of this contract, hereinafter described as the "Construction Contract", are described in the Standard Form of Agreement attached hereto as <u>Exhibit C</u>.) The price of the Construction Contract was

$259,100.00. Ex. C. Upon information and belief, Exhibit C, attached hereto in unsigned form, was eventually signed by the parties thereto.

16. In addition to the contract price stated in Exhibit C, JOHNSON, in further consideration for its performance of the construction work, was promised a percentage of equity ownership in Plan B which entitled JOHNSON to fifteen percent (15%) of all profits earned by Plan B. This promise is evidenced by the Installment Promissory Note, the terms of which were incorporated into the agreement for equity ownership. (A true and correct copy of the Installment Promissory Note is attached hereto as Exhibit D.). Upon information and belief, Exhibit D, attached hereto in unsigned form, was eventually signed by the parties thereto.

17. This promise is further evidenced by an investor letter that was sent to JOHNSON on or about September 4, 2007. (A true and correct copy of which is attached hereto as Exhibit E.).

18. On or about March 17, 2007, CBD completed all of its obligations related to the Construction Contract in order for Plan B to open, as promoted by Plan B, for St. Patrick's Day.

19. On or about March 17, 2007, Plan B opened for business to the public.

20. To date, CBD has received approximately $11,000.00 in payment pursuant to the Design Contract. Approximately $4,000.00 remains due and owing to CBD.

21. In February and March 2010, CBD demanded payment from GOLDEN and PERRES under the Design Contract. These demands were unsuccessful in procuring payment.

22. The failure of GOLDEN and PERRES to pay the full amount due under the Design Contract constitutes a material breach of the Design Contract.

23. To date, CBD has received approximately $45,000.00 in payment pursuant to the Construction Contract. Approximately $214,100.00 remains due and owing to CBD.

24. In February and March 2010, CBD demanded payment from GOLDEN and PERRES under the Construction Contract. These demands were unsuccessful in procuring payment.

25. The failure of GOLDEN and PERRES to pay the full amount due under the Construction Contract constitutes a material breach of the Construction Contract.

26. Several demands have been made by JOHNSON to GOLDEN and PERRES regarding their remittance of equity payments to JOHNSON. To date, JOHNSON has not received any equity payments from GOLDEN or PERRES pursuant to the Construction Contract.

27. GOLDEN, PERRES, and MONGOLIAN have received substantial monetary benefits as a result of the work performed by CBD and JOHNSON which include, but are not limited to, enhanced value of the real property located at 1635 N. Milwaukee and revenue received from the continued operation of Plan B.

28. Sometime in 2008, an employee of CBD visited the City of Chicago's offices for the purposes of a zoning review and happened to witness the Blueprints. The CBD employee examined the Blueprints and discovered that they had been registered by WILSON.

29. Upon information and belief, GOLDEN and PERRES delivered the Blueprints to WILSON.

30. Upon information and belief, WILSON submitted the Blueprints to the City of Chicago with the intention to pass them off as his own work.

31. CBD never provided consent or authorization to GOLDEN, PERRES, WILSON, or any other individual or entity to exercise any copyrights related to the Blueprints. Neither GOLDEN, PERRES, WILSON, nor any other individual or entity was authorized to retain, copy, or modify the Blueprints.

32. JOHNSON has initiated a complaint against WILSON with the Illinois Department of Financial and Professional Regulation, Case No. 2009-01552.

33. Upon information and belief, once architectural blueprints are copied by scanning into the City of Chicago's electronic filing system, the originals are returned to the person or entity who submitted the blueprints.

34. Upon information and belief, GOLDEN, PERRES, or WILSON are still in possession of the Blueprints.

35. Plaintiffs possess both common law and certified copyrights in the Blueprints. (A true and correct copy of the valid Certificate of Registration for the Blueprints is attached hereto as Exhibit F.).

36. When Plaintiffs contacted legal counsel for the Buildings Department of the City of Chicago to request a copy of the Blueprints pursuant to the Freedom of Information Act, Plaintiffs were informed that architectural plans are exempt from disclosure. Thus, Plaintiffs are not able to include the Blueprints herewith.

## COUNT I
**CBD Breach of Contract against Ryan Golden**

37. CBD hereby restates and incorporates by reference the allegations contained in Paragraphs 1 through 36 as if fully set forth in this Paragraph.

38. GOLDEN agreed to pay monetary compensation to CBD in consideration for CBD'S architectural services under the Design Contract.

39. CBD demanded payment from GOLDEN under the Design Contract. These demands were unsuccessful in procuring payment.

40. CBD has performed all of its obligations under the Design Contract.

6

41. GOLDEN has materially breached the Design Contract by failing to remit the full amount due under the Design Contract.

**WHEREFORE**, Plaintiff, CBD, prays that this Honorable Court grant judgment in its favor and against RYAN GOLDEN and award relief in the form of the following:

    a) Consequential damages in the approximate amount of $4,000.00;

    b) Costs of suit incurred herein;

    c) Prejudgment and post-judgment interest;

    d) Any further relief this Court deems reasonable and just.

## COUNT II
### CBD Breach of Contract against Mark Perres

42. CBD hereby restates and incorporates by reference the allegations contained in Paragraphs 1 through 41 as if fully set forth in this Paragraph.

43. PERRES agreed to pay monetary compensation to CBD in consideration for CBD'S architectural services under the Design Contract.

44. CBD demanded payment from PERRES under the Design Contract. These demands were unsuccessful in procuring payment.

45. CBD has performed all of its obligations under the Design Contract.

46. PERRES has materially breached the Design Contract by failing to remit the full amount due under the Design Contract.

**WHEREFORE**, Plaintiff, CBD, prays that this Honorable Court grant judgment in its favor and against MARK PERRES and award relief in the form of the following:

    a) Consequential damages in the approximate amount of $4,000.00;

    b) Costs of suit incurred herein;

    c) Prejudgment and post-judgment interest;

    d) Any further relief this Court deems reasonable and just.

## COUNT III
### CBD and JOHNSON Breach of Contract against Ryan Golden

47. CBD and JOHNSON hereby restate and incorporate by reference the allegations contained in Paragraphs 1 through 46 as if fully set forth in this Paragraph.

48. GOLDEN agreed to pay monetary compensation to CBD in consideration for CBD'S construction work under the Construction Contract.

49. GOLDEN further agreed to a provide JOHNSON a percentage of equity ownership in Plan B which entitled JOHNSON to Fifteen percent (15%) of all profits earned by Plan B.

50. CBD and JOHNSON demanded payment from GOLDEN under the Construction Contract. These demands were unsuccessful in procuring payment.

51. CBD and JOHNSON have performed all of their obligations under the Construction Contract.

52. GOLDEN has materially breached the Construction Contract by failing to remit the full amount due under the Construction Contract.

53. GOLDEN has materially breached the Construction Contract by failing to remit payments to JOHNSON related to JOHNSON'S equity interest in Plan B. Ex. D, E.

**WHEREFORE**, Plaintiff, CBD, prays that this Honorable Court grant judgment in its favor and against RYAN GOLDEN and award relief in the form of the following:

    a) Consequential damages in the approximate amount of $214,100.00;

    b) Actual damages in the approximate amount of fifteen percent (15%) of Plan B's profits to date;

    c) Costs of suit incurred herein;

    d) Prejudgment and post-judgment interest;

e) Any further relief this Court deems reasonable and just.

## COUNT IV
### CBD and JOHNSON Breach of Contract against Mark Perres

54. CBD and JOHNSON hereby restate and incorporate by reference the allegations contained in Paragraphs 1 through 53 as if fully set forth in this Paragraph.

55. PERRES agreed to pay monetary compensation to CBD in consideration for CBD'S construction work under the Construction Contract.

56. PERRES further agreed to a provide JOHNSON a percentage of equity ownership in Plan B which entitled JOHNSON to Fifteen percent (15%) of all profits earned by Plan B.

57. CBD and JOHNSON demanded payment from PERRES under the Construction Contract. These demands were unsuccessful in procuring payment.

58. CBD has performed all of its obligations under the Construction Contract.

59. PERRES has materially breached the Construction Contract by failing to remit the full amount due under the Construction Contract.

60. PERRES has materially breached the Construction Contract by failing to remit payments to JOHNSON related to JOHNSON'S equity interest in Plan B. Ex. D, E.

**WHEREFORE**, Plaintiffs, CBD and JOHNSON, pray that this Honorable Court grant judgment in its favor and against MARK PERRES and award relief in the form of the following:

a) Consequential damages in the approximate amount of $214,100.00;

b) Actual damages in the approximate amount of fifteen percent (15%) of Plan B's profits to date;

c) Costs of suit incurred herein;

d) Prejudgment and post-judgment interest;

e) Any further relief this Court deems reasonable and just.

## COUNT V
## CBD and JOHNSON Copyright Infringement against John A. Wilson

61. Plaintiffs hereby restate and incorporate by reference the allegations contained in Paragraphs 1 through 60 as if fully set forth in this Paragraph.

62. WILSON committed copyright infringement by exhibiting one or more of the following: (1) willfully causing, without authorization or consent, the Blueprints to be copied by the City of Chicago; (2) willfully modifying, without authorization or consent, the Blueprints by causing WILSON'S name to appear on the Blueprints instead of JOHNSON'S or CBD'S.

63. WILSON'S conduct constitutes a violation of 17 U.S.C. § 106.

64. CBD and JOHNSON have incurred actual damages as a result of WILSON'S conduct by being deprived of the actual value of Blueprints.

65. CBD and JOHNSON have incurred damages in the form of profits obtained by GOLDEN, PERRES, and MONGOLIAN, subsequent to any infringing conduct, through the revenue earned from their operation of Plan B which is a result of receiving the benefit of the Blueprints.

**WHEREFORE**, Plaintiffs, CBD and JOHNSON, pray that this Honorable Court grant judgment in their favor and against JOHN A. WILSON and award relief in the form of the following:

a) Actual damages in the approximate amount of $15,000.00;
b) Costs of suit incurred herein;
c) Profits received by GOLDEN, PERRES, and MONGOLIAN, in an amount according to proof pursuant to 17 U.S.C. § 504(a)(1);
d) Any further relief this Court deems reasonable and just.

## COUNT VI

### CBD and JOHNSON Copyright Infringement against Ryan Golden

66. Plaintiffs hereby restate and incorporate by reference the allegations contained in Paragraphs 1 through 65 as if fully set forth in this Paragraph.

67. GOLDEN committed copyright infringement by exhibiting one or more of the following: (1) willfully modifying, without authorization or consent, the Blueprints by causing WILSON'S name to appear on the Blueprints instead of JOHNSON'S or CBD'S; (2) willfully concealing the fact that WILSON wrongfully possessed the Blueprints; (3) willfully concealing the fact that WILSON wrongfully caused the Blueprints to be copied; (4) for inducing and/or materially contributing to WILSON'S conduct by:

   a. Assisting him in having the Blueprints copied;
   b. Delivering the Blueprints to him;
   c. Knowingly receiving profits from Plan B that were earned subsequent to WILSON'S infringement.

68. GOLDEN'S conduct constitutes a violation of 17 U.S.C. § 106.

69. CBD and JOHNSON have incurred actual damages as a result of GOLDEN'S conduct by being deprived of the actual value of Blueprints.

70. CBD and JOHNSON have incurred damages in the form of profits obtained by GOLDEN, PERRES, and MONGOLIAN, subsequent to any infringing conduct, through the revenue earned from their operation of Plan B which is a result of receiving the benefit of the Blueprints.

**WHEREFORE**, Plaintiffs, CBD and JOHNSON, pray that this Honorable Court grant judgment in its favor and against RYAN GOLDEN and award relief in the form of the following:

   a) Actual damages in the approximate amount of $15,000.00;

b) Costs of suit incurred herein;

c) Profits received by GOLDEN, PERRES, and MONGOLIAN, in an amount according to proof pursuant to 17 U.S.C. § 504(a)(1);

d) Any further relief this Court deems reasonable and just.

## COUNT VII
### CBD and JOHNSON Copyright Infringement against Mark Perres

71. Plaintiffs hereby restate and incorporate by reference the allegations contained in Paragraphs 1 through 70 as if fully set forth in this Paragraph.

72. PERRES committed copyright infringement by exhibiting one or more of the following: (1) willfully modifying, without authorization or consent, the Blueprints by causing WILSON'S name to appear on the Blueprints instead of JOHNSON'S or CBD'S; (2) willfully concealing the fact that WILSON wrongfully possessed the Blueprints; (3) willfully concealing the fact that WILSON wrongfully caused the Blueprints to be copied; (4) for inducing and/or materially contributing to WILSON'S conduct by:

   a. Assisting him in having the Blueprints copied;

   b. Delivering the Blueprints to him;

   c. Knowingly receiving profits from Plan B that were earned subsequent to WILSON'S infringement.

73. PERRES'S conduct constitutes a violation of 17 U.S.C. § 106.

74. CBD and JOHNSON have incurred actual damages as a result of PERRES'S conduct by being deprived of the actual value of Blueprints.

75. CBD and JOHNSON have incurred damages in the form of profits obtained by GOLDEN, PERRES, and MONGOLIAN, subsequent to any infringing conduct, through the

revenue earned from their operation of Plan B which is a result of receiving the benefit of the Blueprints.

**WHEREFORE**, Plaintiffs, CBD and JOHNSON, pray that this Honorable Court grant judgment in their favor and against MARK PERRES and award relief in the form of the following:

a) Actual damages in the approximate amount of $15,000.00;

b) Costs of suit incurred herein;

c) Profits received by GOLDEN, PERRES, and MONGOLIAN, in an amount according to proof pursuant to 17 U.S.C. § 504(a)(1);

d) Any further relief this Court deems reasonable and just.

## COUNT VIII
**CBD and JOHNSON Quantum Meruit as Alternative Count to Breach of Construction Contract against Ryan Golden, Mark Perres, and Mongolian House Inc.**

76. Plaintiffs hereby restate and incorporate by reference the allegations contained in Paragraphs 1 through 76 as if fully set forth in this Paragraph.

77. On or about March 17, 2007, CBD completed all the construction services contemplated in the Construction Contract, the benefits of which have inured to the benefit GOLDEN, PERRES, and MONGOLIAN.

78. The estimated value of the construction services provided to GOLDEN, PERRES, and MONGOLIAN is $259,100.00.

79. GOLDEN, PERRES, and/or MONGOLIAN promised that JOHNSON would receive an equity interest in the amount of fifteen percent (15%) of Plan B's profits upon CBD'S completion of the construction services.

13

80. GOLDEN, PERRES, and MONGOLIAN have enjoyed the benefits of Plaintiffs' services through the operation and profitability of Plan B.

81. No contract existed between Plaintiffs and GOLDEN, PERRES, and/or MONGOLIAN for the provision of the construction services.

82. To date, only $45,000.00 has been paid to CBD for its provision of the construction services. Despite demands for payment, approximately $214,100.00 remains due and owing to CBD.

83. To date, no equity payments have been made to JOHNSON for his provision of the construction services.

**WHEREFORE**, Plaintiffs, CBD and JOHNSON, pray that this Honorable Court grant judgment in thier favor and against RYAN GOLDEN, MARK PERRES, and MONGOLIAN HOUSE, INC. and award relief in the form of the following:

a) Actual damages in the approximate amount of $214,100.00;

b) Actual damages in the approximate amount of fifteen percent (15%) of Plan B's profits to date;

c) Costs of suit incurred herein;

d) Any further relief this Court deems reasonable and just.

## COUNT IX
### CBD and JOHNSON Fraud against Ryan Golden and Mark Perres

84. Plaintiffs hereby restate and incorporate by reference the allegations contained in Paragraphs 1 through 83 as if fully set forth in this Paragraph.

85. GOLDEN and PERRES, both made representations of fact to CBD and JOHNSON during the negotiation of the architectural proposals and the negotiation of the construction services.

86. GOLDEN and PERRES represented that CBD would receive monetary compensation in exchange for performing the architectural services and construction services. CBD, being in the business of performing architectural and construction services for money, believed that GOLDEN and PERRES would pay CBD for its work. CBD and JOHNSON'S belief in and reliance on GOLDEN'S and PERRES'S representation are evidenced by CBD'S submission of two proposals (Ex. A, B), its execution of one of them (Ex. B), and its performance of the construction services. CBD and JOHNSON'S reliance on GOLDEN'S and PERRES'S representations is further evidenced by the fact that the architectural work was fully performed and delivered to GOLDEN and PERRES in the form of the Blueprints, and the construction work was fully performed and delivered to GOLDEN AND PERRES in the form of a finished, consumer-ready build out of Plan B. CBD and JOHNSON'S reliance on GOLDEN'S and PERRES'S representations of future payment for the architectural and construction services was reasonable in that the transaction between the parties was not extraordinary in any way. CBD routinely performs architectural and/or construction services for money and in the vast majority of transactions, CBD'S clients pay CBD when the services are completed and delivered.

87. However, GOLDEN and PERRES knew, at the time they made representations of future payment to CBD and JOHNSON for the architectural and construction services, that they had no intention of making full payment to CBD or JOHNSON. This is evidenced by the fact that full payment has not been made for any of the services performed by CBD. This is further evidenced by the fact that *none* of the equity payments have been made to JOHNSON. This is further evidenced by the fact that GOLDEN, PERRES, and WILSON, facilitated registration of the Blueprints with the City in WILSON'S name without CBD or JOHNSON'S knowledge or consent.

88. GOLDEN and PERRES exercised deception in order to induce CBD to perform the services and to ultimately benefit from the possession and use of the Blueprints and the construction services without paying CBD and JOHNSON the full amounts they were rightfully owed. It is clear that GOLDEN and PERRES intended to obtain the benefit of valuable design and construction services at a "discounted" price.

89. CBD and JOHNSON have been damaged by GOLDEN'S and PERRES'S actions by their failure to pay for the services performed.

**WHEREFORE**, Plaintiffs, CBD and JOHNSON, pray that this Honorable Court grant judgment in its favor and against GOLDEN and PERRES and award relief in the form of the following:

a) Actual damages in the approximate amount of $218,100.00;

b) Actual damages in the approximate amount of fifteen percent (15%) of Plan B's profits to date;

c) Punitive damages in the approximate amount of $500,000.00;

d) Costs of suit incurred herein;

e) Any further relief this Court deems reasonable and just.

Respectfully submitted,
FUKSA KHORSHID, LLC

/s/Nathaniel T. Cutler
Nathaniel T. Cutler
*Attorney for Plaintiffs*

FUKSA KHORSHID, LLC
Nathaniel T. Cutler
70 W Erie, 2nd Floor
Chicago, IL 60654
T: 312.266.2221
F: 312.266.2224